IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL ROBERTS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-0116 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to three October 20, 2004 convictions for aggravated robbery out of El Paso County, Texas, and the resultant 20-year sentences.[1] By his federal habeas application, petitioner appears to challenge various disciplinary proceedings conducted at various times at the Clements Unit.[2]

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, (1) be eligible for mandatory supervised release, and (2) have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

In his habeas application, petitioner concedes he is not eligible for release on mandatory

---

[1] The Texas Department of Criminal Justice (TDCJ) Online Offender Details shows petitioner's maximum sentence date to be June 20, 2023, a date which is consistent with concurrent sentences.

[2] In his habeas application petitioner ROBERTS states, in response to questions about the nature of the disciplinary charge against him and the date he was found guilty of a disciplinary violation, "Various." *See* Questions 17 and 18.

supervision. *See* Question No. 16. A review of the TDCJ online Offender Information Detail confirms petitioner is <u>not</u>, in fact, eligible for mandatory supervised release. As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

Further, in his habeas application, petitioner acknowledges he did not lose previously earned good-time days as a result of the disciplinary proceeding herein challenged. *See* Question No. 18. Because petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits petitioner is not entitled to federal habeas corpus relief.

Finally, other punishment with which petitioner was assessed, including the change in his line class status, merely constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297, 104 F.3d 765, 767 (5th Cir. 1997); *Hinojosa v. Thaler*, 2011 WL 2183310 (5th Cir. June 6, 2011)(The effect of a reduction in classification on a prisoner's ability to earn good-time credits is too speculative to constitute a deprivation of a protected liberty interest).

While petitioner lodges many complaints about the administrative sanctions assessed against him, his primary complaint appears to be that the reduction in his line class and/or custody level made him ineligible for parole. He asserts he was scheduled to "see parole" in October of 2017, but has now been deemed "unparolable." [Dkt. 3 at 7]. The Court interprets this to be a claim that he would be *considered* for parole in October 2017, not a claim that he was actually scheduled *to be paroled* at that time. In any event the binding Fifth Circuit precedent cited above forecloses consideration of that claim.

For the reasons set out herein, petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United

States District Judge that the petition for a writ of habeas corpus filed by petitioner DARRELL ROBERTS be DENIED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___7th___ day of July 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).